UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PERLMUTTER, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LEHIGH HANSON, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-02571-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Plaintiffs Michael Perlmutter and Rhiannon, on behalf of themselves and a putative class of their residential neighbors, brought this case against Lehigh Hanson, Inc. ("Defendant"). Pending before the Court is Defendant's motion to dismiss the Plaintiffs' Complaint, for which briefing is complete. *See* Dkt. Nos. 28 ("Mot."), 35 ("Opp."), and 36 ("Reply"). Having carefully considered the parties' arguments, the Court **DENIES** Defendant's motion.[1]

### I. BACKGROUND

Defendant owns and operates the Berkley Asphalt industrial facility located at 699 Virginia Street in Berkeley, California (the "Facility"), where it produces hot mix asphalt and other construction materials. Dkt. No. 1 ("Compl.") ¶¶ 2,13. Plaintiffs are all owners, occupants, or renters of residential property who reside within one mile of the Facility. *Id.* ¶ 43. Plaintiffs allege that their residential property has been and continues to be "physically invaded by noxious odors" emitted from the Facility. *Id.* ¶ 16. Plaintiffs concede that "hot mix batch plants like Defendant's facility are not inherently a nuisance," but claim Defendant has failed to implement "reasonably available" odor mitigation, elimination, and control systems to prevent the Facility's

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

emissions from invading the surrounding community. *Id.* ¶¶ 15, 24-26. As a result, Plaintiffs claim, they have suffered injuries and damages, including exposure to pollutants and "nauseating" odors, interference with the use and enjoyment of their property, and decreased property value. *Id.* ¶¶ 32-36. Plaintiffs also allege that Defendant has received multiple notices of violation from the Bay Area Air Quality Management District due to these emissions.[2] *Id.* ¶ 23.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate only where the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

---

[2] In support of its motion to dismiss, Defendant asks this Court to take judicial notice of "Notices of Violation" issued by the Bay Area Air Quality Management District and, separately, by the City of Berkeley. *See* Dkt. No. 28-1 ("RJN"). The Court finds that the Notices of Violation and Administrative Citation Warning attached to Defendant's Request for Judicial Notice as Exhibits 1, 2, 5, and 6 are properly subject to incorporation by reference because Plaintiffs specifically referred to them in their complaint and because they form the basis for Plaintiffs' Gross Negligence claim. *See* Compl. ¶¶ 23(b)(i)-(iv); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The Court also takes judicial notice of the existence of Exhibits 3, 4, and 7 because they are public records containing facts that are not disputed in this case. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

### III. DISCUSSION

Defendant's motion seeks to dismiss Plaintiffs' Complaint in its entirety. Defendant first argues that Plaintiffs' Public Nuisance claim should be dismissed under Rule 12(b)(1) because, as private parties, Plaintiffs have not properly pled standing to pursue a public nuisance claim. Mot. at 2. Defendant next argues that Plaintiffs fail to state claims for Negligence and Gross Negligence under Rule 12(b)(6) because Defendant does not owe Plaintiffs a duty of care as a matter of law. *Id.* Defendant then argues that Plaintiffs' Nuisance and Negligence claims are redundant and violate California's primary rights doctrine. *Id.* at 18-20. Defendant also argues that Plaintiffs have not pled facts sufficient to authorize punitive damages or injunctive relief. *Id.* at 3. Finally, Defendant claims that, if any portion of the complaint survives, the remaining claims should be dismissed (or stayed) pursuant to the doctrine of primary jurisdiction. *Id.* As the Court explains below, none of these arguments are persuasive.

#### A. Negligence/Gross Negligence Claims

To establish a cause of action for negligence under California law, the plaintiff must show that the "defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213 (2021) (citing *Nally v. Grace Community Church*, 47 Cal. 3d 278, 292 (1988)); *see also Rosencrans v. Dover Images, Ltd.*, 192 Cal. App. 4th 1072, 1082 (2011) ("Gross negligence is pleaded by alleging the traditional elements of negligence: duty, breach, causation, and damages."). Whether a duty exists is a question of law to be resolved by the court. *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370 (1992). The "general rule" is that "people owe a duty of care to avoid causing harm to others and that they are thus liable for injuries their negligence inflicts." *So. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 398 (2019)); *see also* Cal. Civ. Code § 1714(a). But as the California Supreme Court recently reaffirmed in *Southern California Gas Leak Cases*, there is generally no duty in tort to guard against "purely economic loss," which is a loss that "does not arise from actionable physical, emotional, or reputational injury to persons or physical injury to property." *So. Cal. Gas Leak Cases*, 7 Cal. 5th at 398.

Citing the California Supreme Court's ruling in *Southern California Gas Leak Cases*,

3

Defendant argues that it owes no duty here because Plaintiffs' two categories of damages—diminution of property value and the interference with the right of use and enjoyment of property—are not actionable physical injury to property. Mot. at 16-18. The Court disagrees.

By alleging that their property "has been and continues to be physically invaded by noxious odors" and particles, Plaintiffs have alleged property damage and an actionable injury to their property interests, rather than purely economic loss. Compl. ¶¶ 16-17; *see also id.* ¶ 33 ("There's a thick layer of gray/black dust covering every plant, every leaf in my yard."). And "[w]here alleged negligence has caused personal injury or property damage and economic loss, the existence of a duty of care is the rule, not the exception." *So. Cal. Gas Leak Cases*, 18 Cal. App. 5th 581, 587–88 (2017), *aff'd*, 7 Cal. 5th 391 (2019); *see also City of Pomona v. SQM N. Am. Corp.*, No. CV1100167RGKVBKX, 2011 WL 13318239, at *2 (C.D. Cal. Dec. 15, 2011) ("[T]he economic loss rule does not bar plaintiffs from recovering any economic damage. When a proper injury has been alleged, the plaintiff may claim economic loss for that injury"), *aff'd*, 750 F.3d 1036 (9th Cir. 2014). Because Plaintiffs have properly alleged that Defendant's negligence caused property damage, the economic loss rule does not bar Plaintiffs' Negligence and Gross Negligence claims. *See City of Pomona*, 2011 WL 13318239, at *2. Accordingly, Defendant's motion to dismiss as to Plaintiffs' Negligence and Gross Negligence claims is **DENIED.**

### B. Public Nuisance

Although California law generally requires governmental entities to bring public nuisance claims, a "private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." Cal. Civ. Code §3493; *see also Ogala v. Chevron Corp.*, No. 14-CV-173-SC, 2014 WL 6682048, at *3 (N.D. Cal. Nov. 25, 2014). However, "when the nuisance is a private as well as a public one, there is no requirement the plaintiff suffer damage different in kind from that suffered by the general public." *Birke v. Oakwood Worldwide*, 169 Cal. App. 4th 1540, 1551 (2009) (citing *Venuto v. Owens-Corning Fiberglas Corp.*, 22 Cal. App. 3d 116 (1971)). Instead, a plaintiff claiming that a nuisance is both public and private must only show that they suffered damages "specifically referable to the use and enjoyment of his or her land." *Brooks v. Darling Ingredients, Inc.*, No. 1:14-CV-01128-MCE, 2014 WL 5500958, at *3 (E.D.

4

Cal. Oct. 30, 2014) (citing *Koll-Irvine Ctr. Prop. Owners Assn. v. Cty. of Orange*, 24 Cal. App. 4th 1036, 1041 (1994)).

Here, the "special injury" requirement does not apply because Plaintiffs brought claims for both private and public nuisance based on the same activity—specifically, the physical invasion of their property by "noxious odors produced and controlled by Defendant's Facility." Compl. ¶ 72. Plaintiffs have also alleged that, as result of the Defendant's emissions, they cannot use their yards and have lost property value. *Id.* Taken together, these allegations are sufficient to show interference with the use and enjoyment of Plaintiffs' land and are thus sufficient for pleading claims of private and public nuisance based on the same activity. Accordingly, Plaintiffs have standing to pursue a public nuisance claim. Defendant's motion to dismiss as to Plaintiffs' Public Nuisance claim is therefore **DENIED.**

### C. Private Nuisance

In California, a nuisance is "[a]nything which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Cal. Civ. Code § 3479. To properly plead a nuisance claim, a plaintiff must allege that the defendant's act caused a "substantial and unreasonable" invasion of the plaintiff's interest in the free use and enjoyment of their property. *Hellman v. La Cumbre Golf & Country Club*, 6 Cal. App. 4th 1224 (1992).

Ordinarily, a defendant may be liable for a nuisance even if it was not negligent in causing the invasion to the plaintiff's property interest. *See City of Pasadena v. Superior Ct.*, 228 Cal. App. 4th 1228, 1236 (2014) ("Nuisance liability is not necessarily based on negligence, thus, one may be liable for a nuisance even in the absence of negligence.") (citations omitted). But California courts have held that "where liability for the nuisance is predicated on the omission of the owner of the premises to abate it, rather than on his having created it, then negligence is said to be involved." *See id.* This makes sense. For example, California law does not hold defendants strictly liable for damage caused by a natural condition of their land, so California courts have understandably held that "where injury is allegedly caused by a natural condition, the imposition of liability on a nuisance theory, as a practical matter, requires a finding that there was negligence

in dealing with [the natural condition]." *Lussier v. San Lorenzo Valley Water Dist.*, 206 Cal. App. 3d 92, 102 (1988).

Thus, in *City of Pasadena*, the court required a plaintiff seeking to hold a defendant liable under nuisance law for failing to prevent the collapse of a tree to first prove that the defendant was negligent in dealing with the tree. *Id.* at 1237. Moreover, some courts have gone further and dismissed nuisance claims found to be redundant of negligence claims. *See, e.g.*, *Melton v. Boustred*, 183 Cal. App. 4th 521, 543 (2010) (dismissing plaintiff's nuisance claim because it "merely restates their negligence claims"); *El Escorial Owners' Assn. v. DLC Plastering, Inc.*, 154 Cal. App. 4th 1337, 1349 (2007) (dismissing the plaintiff's nuisance claim because it was "merely a clone" of a negligence claim).

Defendant's argument here proceeds in two steps. First, citing *City of Pasadena*, Defendant argues that Plaintiffs must prove negligence to sustain their Private Nuisance claim because the claim is based an omission: Defendant's "failure to reasonably repair, maintain, and/or operate its Facility." *See* Mot. at 18. Then, Defendant argues that Plaintiffs' Nuisance claim is redundant because it is necessarily intertwined with their Negligence claim. *See id.* at 18-20.

But Defendant's argument is based on a flawed premise. This case is readily distinguishable from *City of Pasadena* because, unlike a city that fails to prevent its tree from causing harm, Defendant's nuisance liability here is not solely based on its failure to abate a nuisance. Rather, Plaintiffs allege that Defendant both created the nuisance *and* failed to abate it. S*ee, e.g.*, *id.* ¶ 60 ("[t]he noxious emissions were created as a result of intentional and affirmative acts taken by the Defendant on the offending property"); ¶ 24 ("Defendants have failed to adequately collect, capture, and destroy emissions produced by the production or storage if hot asphalt and related products"). Because Defendant's nuisance liability is not solely based on its failure to prevent harm, California law does not require Plaintiffs to prove that Defendant was negligent.

Defendant goes on to argue that "the mere operation" of its Facility cannot amount to affirmative conduct constituting a nuisance, since Plaintiffs have already conceded that "hot mix asphalt batch plants like Defendant's are not inherently a nuisance." *See* Reply at 11 (citing

Compl. ¶ 15). But in the Court's view, Plaintiffs' general statement that asphalt batch plants are not inherent nuisances does not amount to an admission that *the Facility at issue in this case* has not engaged in affirmative conduct while creating the alleged nuisance. To the contrary, the crux of Plaintiffs' Complaint seems to be that Defendant's affirmative conduct in operating its industrial facility has created the noxious odors and particles that are interfering with Plaintiffs' rights to use and enjoy their property. *See* Compl. ¶ 72.

In summary, because Defendant's nuisance liability is based on its affirmative conduct, as opposed to its mere failure to abate a nuisance, Plaintiffs do not have to prove that Defendant was negligent to sustain their Private Nuisance claim. The Court therefore finds that Plaintiffs' Private Nuisance claim is independently viable and Defendant's motion to dismiss as to Plaintiffs' Private Nuisance claim is **DENIED.**

### D. Primary Rights

Under California's "primary rights theory," a single "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994) (citations omitted). The violation of a single primary right gives rise to but a single cause of action, so a "pleading that states the violation of one primary right in two causes of action contravenes the rule against 'splitting' a cause of action." *Cal Sierra Dev., Inc. v. George Reed, Inc.*, 14 Cal. App. 5th 663, 675 (2017) (citing *Wulfjen v. Dolton*, 24 Cal. 2d 891, 894–895 (1944)). The primary right theory sounds in claim preclusion principles and therefore has a "fairly narrow field of application." *Crowley*, 8 Cal. 4th at 682. "It is invoked most often when a plaintiff attempts to divide a primary right and enforce it in two suits." *Id.*

Defendant argues that Plaintiffs' Complaint has violated the primary rights doctrine because it stated the violation of a single primary right (the right to use and enjoy property) in two causes of action (nuisance and negligence). Mot. at 19-20. The Court finds that Defendant misapplies the primary rights doctrine.

Properly applied, the primary rights doctrine would prevent Plaintiffs from bringing a *second lawsuit* to redress Defendant's alleged violation of their primary right to use and enjoy

7

their property—even if the second lawsuit would be based on different legal claims or theories than the ones at issue here. *See Crowley*, 8 Cal. 4th at 682 ("[N]umerous cases hold that when there is only one primary right an adverse judgment in the first suit is a bar even though the second suit is based on a different theory."). But here, in its first lawsuit, Plaintiff can state multiple grounds of liability (e.g., nuisance and negligence) to redress the violation of a single primary right. *See id.* at 683 ("It is true that under the primary right theory a properly pleaded cause of action must be premised on a single primary right even though it states multiple grounds of liability.").

The Court finds that Defendant has confused the concepts of "counts" and "causes of action."[3] While it is true that a properly pleaded cause of action must be premised on a single primary right, it is at the same time true that "[t]he same cause of action, of course, may be stated variously in separate counts." *See Eichler Homes of San Mateo, Inc. v. Superior Ct. of San Mateo Cty.*, 55 Cal. 2d 845, 847 (1961). By bringing both nuisance and negligence claims, Plaintiffs have stated multiple grounds of liability, or "counts," for the violation of the primary right to use and enjoy their property. California law permits this. *See id.* Accordingly, Defendant's motion to dismiss Plaintiffs' Nuisance and Negligence claims for violation of the primary rights doctrine is **DENIED**.

### E. Injunctive Relief

Defendant argues that Plaintiffs' claim for Injunctive Relief should be dismissed because the Complaint does not allege facts demonstrating that Plaintiffs will suffer irreparable injury if an injunction is not issued or that legal remedies are inadequate.[4] Mot. at 20. According to "well-

---

[3] *See Eichler Homes of San Mateo, Inc. v. Superior Ct. of San Mateo Cty.*, 55 Cal. 2d 845, 847 (1961) ("In California the phrase 'causes of action' is often used indiscriminately to mean what it says and to mean counts which state differently the same cause of action.").

[4] Neither party has explained whether state or federal law applies to Plaintiffs' claim for injunctive relief. The Court finds that the *availability* of injunctive relief is governed by California law, which authorizes this Court to issue an injunction or an abatement order if Plaintiffs obtain a nuisance judgment. *See* Cal. Civ. Proc. Code § 73; *see also Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir .1988); *United Nat. Maint., Inc. v. San Diego Convention Ctr. Corp.*, No. 07CV2172 AJB, 2012 WL 3861946, at *4 (S.D. Cal. Sept. 5, 2012). As for the *appropriateness* of injunctive relief, however, the Ninth Circuit has held that a federal court sitting in diversity must "rely on federal equitable principles" when determining whether to grant equitable restitution, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020), and several

established principles of equity," a plaintiff seeking a permanent injunction in federal court must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted).

Here, Plaintiffs have alleged that Defendant's emissions have forced them to "retreat inside" rather than use their backyards, gardens, and neighborhood. *See* Compl. ¶¶ 32-34. From these facts, this Court can draw the reasonable inference that Plaintiffs have suffered an irreparable injury that remedies available at law could not compensate. The Court thus finds that Plaintiff have stated enough facts to state a plausible claim to injunctive relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Defendant's motion to dismiss as to Plaintiffs' Injunctive Relief claim is accordingly **DENIED**.

### F. Punitive Damages

Under California law, a plaintiff may recover punitive damages in connection with a non-contractual claim if she establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression or (3) malice. Cal. Civil Code § 3294(a). Relevant here, "malice" means conduct which is "intended by the defendant to cause injury to the plaintiff" or which is carried on by the defendant with a "willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1). And similarly, "oppression" means conduct that subjects a person to "cruel and unjust hardship in conscious disregard of that person's rights." *Id.* § 3294(c)(2). Malice and oppression may be inferred from the circumstances of a defendant's conduct. *Monge v. Superior Ct.*, 176 Cal.

---

courts in this Circuit have extended *Sonner*'s holding to injunctive relief as well. *See, e.g., In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020); *Teresa Adams v. Cole Haan, LLC*, No. SACV20913JVSDFMX, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020). This Court will follow suit and apply federal equitable principles to determine whether Plaintiffs have alleged facts sufficient to support a claim for injunctive relief. However, the Court also notes that any distinction is largely doctrinal rather than practical, since both federal common law and California law require Plaintiffs seeking an injunction to first prove that legal damages are inadequate. *See* Cal. Civ. Code § 3422; *Syngenta Crop Prot., Inc. v. Helliker*, 138 Cal. App. 4th 1135, 1166 (2006).

9

1   App. 3d 503, 511 (1986).

2       Defendant makes two arguments against Plaintiffs' Punitive Damages claim.  First,
3   Defendant argues that Plaintiffs have pled "only conclusory allegations" that are insufficient to
4   support its Punitive Damages claim.  Mot. at 9.  But in the Court's view, Plaintiffs' Complaint
5   contains factual allegations that could plausibly lead to a finding that Defendant has acted in
6   "willful and conscious disregard" of the rights or safety of others.  For example, Plaintiffs have
7   alleged that Defendant continues to emit noxious odors despite "multiple Notices of Violation"
8   from the Bay Area Air Quality Management District, "several neighborhood protests," and
9   "significant media attention addressing Defendant's emissions."  *See* Compl. ¶ 23.  At the
10  pleading stage, these facts are sufficient to state a plausible claim for punitive damages.

11      Second, citing California Civil Code section 3294(b), Defendant argues that Plaintiffs'
12  claim for punitive damages should be dismissed because Plaintiffs have failed to allege facts
13  demonstrating that one of Defendant's officers, directors, or managing agents had advance
14  knowledge and ratified a malicious, fraudulent, or oppressive act.  *See* Reply at 15.  However, the
15  Court finds that Defendant's reliance on section 3294(b) is misplaced.

16      Section 3294(b) provides that an employer shall not be held liable for punitive damages
17  based upon its employee's actions unless the employer had "advanced knowledge" of the
18  employee's unfitness or "authorized or ratified" the employee's wrongful conduct.  Cal. Civil
19  Code § 3294(b).[5]  By its own terms, section 3294(b) applies when an employer is liable "based
20  upon the acts of an employee."  *Id.*  Section 3294(b) does not apply here because Plaintiffs'
21  Complaint does not allege that Defendant is vicariously liable for the negligence of its employees.
22  Rather, the Complaint seeks to hold Defendant liable for Defendant's own negligence.  *See, e.g.*,
23  Compl. ¶ 85 ("Defendant's conduct in knowingly allowing conditions to exist, which caused

---

[5] California Civil Code section 3294(b) states, in full: "An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

noxious odors to physically invade Plaintiffs' property, constitutes gross negligence as it demonstrates an extreme lack of concern for whether an injury resulted to Plaintiffs."). Because Plaintiffs have pled sufficient facts to plausibly state a claim for punitive damages under California law, Defendant's motion to dismiss as to Plaintiffs' Punitive Damages Claim is **DENIED.**

### G.     Primary Jurisdiction

Lastly, Defendant asks this Court to stay or dismiss any surviving claims under the doctrine of primary jurisdiction because the Bay Area Air Quality Management District ("BAAQMD") has oversight responsibilities for odor emissions at the Facility and is already addressing the issue. *See* Mot. at 22. The Court declines this request.

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). The doctrine is a "prudential" one, "under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* (*citing Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002)). And it is reserved for a "limited set of circumstances" that "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) (citations omitted).

To determine whether to defer to an agency, the Ninth Circuit has found that the doctrine applies in cases where there is: "(1) [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Syntek*, 307 F.3d at 781 (citations omitted). "[C]ourts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims," and under Ninth Circuit precedent, "efficiency is the deciding

11

factor in whether to invoke primary jurisdiction." *Astiana*, 783 F.3d at 760 (citations and quotation marks omitted).

Here, the Court finds that staying or dismissing any claims based on the primary jurisdiction doctrine is unwarranted. Plaintiffs' common law Nuisance and Negligence claims are not so esoteric or complex as to foreclose their consideration by the judiciary, and they do not "require[] resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Id*. Because this Court is competent to address Plaintiffs' claims, a dismissal or stay would only "needlessly delay" their resolution. *See id.* And while Defendant argues that the BAAQMD's Notices of Violation to Defendant demonstrate that the agency is exercising its oversight authority, the fact that an agency has authority and expertise regarding an issue is not enough to warrant the application of primary jurisdiction. The Court therefore finds that the doctrine of primary jurisdiction does not support granting Defendant's request for dismissal or stay and **DENIES** Defendant's motion to dismiss pursuant to the primary jurisdiction doctrine.

## IV. CONCLUSION

The Court **DENIES** Defendant's motion to dismiss and **SETS** a telephonic case management conference on September 14, 2021, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The Court has reviewed Dkt. No. 39, and the parties need not file any further statement before the case management conference.

**IT IS SO ORDERED.**

Dated: 9/3/2021

_Haywood S. Gilliam Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge